**Esperanza Diaz DEL CASTILLO,
Plaintiff—Appellant,**

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES, State of Washington DSHS; Rob McKenna, Attorney General of the State of Washington, Defendants—Appellees.**

No. 07–35836.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 24, 2008.

Sidney Charlotte Tribe, Talmadge Law Group, PLLC, Tukwila, WA, Esperanza Diaz del Castillo, Fullerton, CA, for Plaintiff–Appellant.

Marie Colleen Clarke, Esquire, Andrew L. Logerwell, Esquire, El Shon Richmond, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: GOULD, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Esperanza Diaz del Castillo ("Diaz del Castillo") appeals the district court's grant of summary judgment in her action against the Washington State Department of Social and Health Services (the "DSHS") alleging discrimination on the basis of race, national origin, age, and gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, the Washington Law Against Discrimination ("WLAD"), and the Age Discrimination in Employment Act ("ADEA").[1] The district court granted the DSHS's motion for summary judgment on Diaz del Castillo's Title VII claims because Diaz del Castillo did not produce sufficient prima facie evidence of discrimination, and did not produce evidence that the DSHS's proffered nondiscriminatory reasons for its actions were pretextual. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for substantially the same reasons stated by the district court.[2]

We review de novo a district court's grant of summary judgment. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1027 n. 4 (9th Cir.2006). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The district court ruled that the WLAD and the ADEA claims were barred by Eleventh Amendment immunity. Diaz del Castillo does not challenge this ruling, and we need not address it here.

2. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* at 1027 (internal quotations and citation omitted). "If a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that [Diaz del Castillo] is entitled to a verdict in [her] favor, then summary judgment was inappropriate; conversely, if a reasonable jury could not find liability, then summary judgment was correct." *Id.* at 1027–28.

Diaz del Castillo raises three separate Title VII claims: (1) creation of a hostile work environment; (2) disparate treatment on account of race or national origin; and (3) retaliation for engaging in protected activity.

First, Diaz del Castillo has not established a prima facie case of hostile work environment on account of her race or national origin because the challenged conduct as a whole was not sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir.2004) (stating the elements for a prima facie case of hostile work environment under Title VII).

Second, the DSHS was entitled to summary judgment on the disparate treatment claim. Diaz del Castillo did not establish a prima facie case of disparate treatment relating to her training or support because she was not subjected to an adverse employment action or denied training or support available to other trainees in her position. *Kang v. U. Lim Am., Inc.,* 296 F.3d 810, 818 (9th Cir.2002) (noting the requirements for a prima facie case of disparate treatment). Diaz del Castillo did establish a prima facie case of disparate treatment on her termination claim. But because the DSHS articulated a legitimate, nondiscriminatory reason for terminating Diaz del Castillo's employment for performance-related issues, and Diaz del Castillo did not put forward sufficient evidence to show that the proffered reason was a pretext for discrimination, summary judgment was appropriate. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Vasquez,* 349 F.3d at 642.

Third, Diaz del Castillo arguably established a prima facie case of retaliation. *See Cornwell,* 439 F.3d at 1034–35 (setting forth the elements of a prima facie case of retaliation under Title VII). Summary judgment was proper nonetheless because the DSHS offered evidence of a legitimate, non-retaliatory reason for its actions and Diaz del Castillo did not introduce sufficient evidence of pretext. *See McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. 1817; *Manatt v. Bank of Am., NA,* 339 F.3d 792, 801 (9th Cir.2003).

AFFIRMED.